# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KATRINA PRIOR**, | **CIVIL ACTION** |
| Plaintiff, | |
| *v.* | **NO. 24-2980-KSM** |
| **INTEGRICHAIN, INC.**, | |
| Defendant. | |

## MEMORANDUM

**MARSTON, J.**                                                        **February 27, 2026**

Before the Court is Defendant IntegriChain, Inc.'s Motion to Seal and/or Redact Exhibits

to Defendant IntegriChain, Inc.'s Motion for Summary Judgment.  (Doc. No. 21.)[1]  Defendant

seeks to seal one exhibit and file a redacted exhibit and redacted testimony from Defendant's

Chief Technology Officer Bradley Burget.  Defendant explains that these "documents contain

highly sensitive business and personal information."  (Doc. No. 21.)  Plaintiff Katrina Prior does

not oppose the motion.[2]  For the reasons that follow, the Court grants the motion.

---

[1] IntegriChain filed a copy of this Motion and unredacted copies of the exhibits provisionally under seal in a separate document.  (Doc. No. 22.)

[2] On January 28, 2026, the Court held a video conference in which the parties stipulated to the documents and information to be sealed and redacted.  (Doc. No. 34.)  Among other things, Plaintiff's counsel agreed that Doc. No. 27-6, which Plaintiff filed with redactions at the request of Defendant's counsel, should be treated as excerpts of relevant deposition testimony.  Accordingly, the Court did not consider the redacted portions of the deposition in rendering its decision on Defendant's motion for summary judgment.  *See* Email from Kate C. Oeltjen to Chambers Judge Marston (Jan. 28, 2026, 04:29 EST) (on file with Chambers) (explaining that "the Plaintiff does not object to the Court considering the exhibits [she] provided" to "support . . .  her opposition to Defendant's Motion for Summary Judgment . . . . as excerpts rather than full transcripts").

IntegriChain also orally moved to redact two spreadsheets, which contain "pricing and salary information."  (Doc. No. 34.)  The Court accepted the oral motion without requiring the Defendant to submit an additional written motion and brief.

## I.     BACKGROUND

The facts underlying this case are set out more fully in the Court's contemporaneously filed Memorandum ruling on Plaintiff's Motion for Summary Judgment.  Because the Court writes primarily for the parties, the Court does not repeat those facts at length in this Memorandum, and instead, includes only a brief overview.

This is an employment discrimination and retaliation case.  On February 14, 2024, Prior filed a complaint of discrimination and retaliation with the Pennsylvania Human Relations Commission, which was cross-filed with the Equal Employment Opportunity Commission ("EEOC").  (Doc. No. 1 ¶ 12.)  The EEOC issued a notice of dismissal and right to sue letter to Prior on July 9, 2024.  Prior then brought this suit.  (Doc. No. 1.)  She alleged that IntegriChain: (1) engaged in discrimination in violation of Title VII (Count I); (2) retaliated against her for exercising her rights under the FMLA or otherwise interfered with her invocation of those rights (Count II); (3) engaged in discrimination in violation of the PHRA (Count III); and (4) retaliated against her for exercising her rights under the PFPO (Count IV).  (Doc. No. 6.)  After discovery, IntegriChain filed a motion for summary judgment (Doc. No. 23), which Prior opposed.

IntegriChain filed the present Motion to Seal and/or Redact to protect "documents [that it purports to] contain highly sensitive business and personal information."  (Doc. No. 21.)  It seeks the following relief as to various documents and information:

| Doc. No. | Pincite | Description | Relief |
|---|---|---|---|
| 21-2[3] | INTC0003138 | "information pertaining to financial information in [a] Board of Director's presentation slide," (Doc. No. 21-1), which was "presented in the fourth quarter of 2022, (Doc. No. 21 at 3) | Redaction |
| 22-2[4] | INTC0003198 | an "email thread involving IntegriChain's CFO," which contains "sensitive financial and business information pertaining to explicit savings targets, along with the manner in which IntegriChain would find those savings" (Doc. No. 21 at 3) | Sealing |
| 21-3[5] | 88:12–19 | Chief Information Technology Officer Bradley Burget's deposition testimony "pertaining to confidential future business plans," (Doc. No. 21-1), which includes details on "future business plans for IntegriChain," (Doc. No. 21 at 3) | Redaction |
| 21-3 | 89:10–15 | Chief Information Technology Officer Bradley Burget's deposition testimony "pertaining to confidential future business plans," (Doc. No. 21-1), which includes details on "future business plans for IntegriChain," (Doc. No. 21 at 3) | Redaction |

---

[3] A provisionally sealed version of this document was filed at Doc. No. 22-4.  A redacted version of this document was also filed at Doc. No. 25-30.

[4] A provisionally sealed version of this document was filed at Doc. No. 25-27.

[5] A provisionally redacted version of this deposition was filed in mini transcript format at Doc. No. 27-6.  An unredacted version of this deposition was also filed provisionally under seal at Doc. No. 22-3.

| 21-3 | 89:18–23 | Chief Information Technology Officer Bradley Burget's deposition testimony "pertaining to confidential future business plans," (Doc. No. 21-1), which includes details on "future business plans for IntegriChain," (Doc. No. 21 at 3) | Redaction |
|------|----------|------|-----------|
| 21-3 | 90:3–11 | Chief Information Technology Officer Bradley Burget's deposition testimony "pertaining to confidential future business plans," (Doc. No. 21-1), which includes details on "future business plans for IntegriChain," (Doc. No. 21 at 3) | Redaction |
| 21-3 | 91:3–9 | Chief Information Technology Officer Bradley Burget's deposition testimony "pertaining to confidential future business plans," (Doc. No. 21-1), which includes details on "future business plans for IntegriChain," (Doc. No. 21 at 3) | Redaction |
| 25-33 | | Spreadsheet containing pricing and salary information | Redaction |
| 25-34 | | Spreadsheet containing pricing and salary information | Redaction |

## II.      LEGAL STANDARD

A more rigorous standard applies when a party seeks to seal and redact judicial documents than applies to protective orders governing discovery materials. *See In re Avandia Mktg., Sales Pracs. and Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) ("A 'judicial record' is a document that has been filed with the court or otherwise somehow incorporated or integrated into a district court's adjudicatory proceedings." (cleaned up)).  As soon as a

4

discovery document becomes a judicial record, the common law presumption of the right of public access attaches. *See id.* (citing *In re Cendant Corp.*, 260 F.3d 183, 192–93 (3d Cir. 2001)); *see also Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 164 (3d Cir. 1993) ("We believe that our earlier decisions and those in other courts lead ineluctably to the conclusion that there is a presumptive right of public access to pretrial motions of a nondiscovery nature, whether preliminary or dispositive, and the material filed in connection therewith."). "This right antedates the Constitution, and promotes public confidence in the judicial system by enhancing testimonial trustworthiness and the quality of justice dispensed by the court." *Wartluft v. Milton Hershey Sch. & Sch. Tr.*, No. 1:16-CV-2145, 2019 WL 5394575, at *4 (M.D. Pa. Oct. 22, 2019) (cleaned up). Because the documents IntegriChain and Prior have submitted will be filed as part of the public record and considered at summary judgment, they are "judicial records" to which the common law right of access attaches.

This right is not absolute, however, and may be rebutted by a showing that an "interest in secrecy outweighs the presumption." *In re Avandia*, 924 F.3d at 672 (quoting *Bank of Am. Nat'l Tr. & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 344 (3d Cir. 1986)). To meet this burden, the party requesting the sealing order must demonstrate "that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *Id.* (quoting *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994)).

In addition to the common law right, the public also enjoys a First Amendment right of access in civil trials, which attaches to certain judicial documents. *Id.* at 673. The First Amendment right presents a higher burden than the common law, and the party requesting that trial documents be sealed must overcome strict scrutiny. *Id.* In particular, the party must

demonstrate "an overriding interest in excluding the public based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* (cleaned up).

Under either the common law or First Amendment standard, when a court analyzes a request for a sealing order, it must do so on a document-by-document basis, and the proponent of the sealing order must articulate with specificity the injury that would result if the document or parts of it were made public. *See id.*[6] Parties must do more than merely identifying and reciting the factors courts consider when reviewing a proposed sealing order. *See id.* at 676–77 ("[T]he *Pansy* factors are not a substitute for the common law right of access standard—which begins with the presumption of access.").

---

[6] In analyzing a motion for protective order under Rule 26(c), the court considers the *Pansy* factors, which ask whether:

1. Disclosure of the information will violate any privacy interests;

2. The information is being sought for a legitimate purpose or for an improper purpose;

3. Disclosure will cause a party embarrassment;

4. Confidentiality is being sought over information important to public health and safety;

5. The sharing of information among the litigants will promote fairness and efficiency;

6. A party benefitting from the order of confidentiality is a public entity or official; and

7. The case involves issues important to the public.

*In re Avandia*, 924 F.3d at 671. Although they provide useful guidance when the court balances the public versus private interests under Rule 26(c), these factors "are not sufficiently robust for assessing the public's right to access judicial records." *Id.* at 676; *see also In re Application of Storag Etzel GmbH*, No. 19-MC-209-CFC, 2020 WL 2949742, at *9 (D. Del. Mar. 25, 2020) ("In both substance and procedure, the burdens that must be overcome to justify the sealing of judicial records under the common law are dramatically less pliant than the factors to be weighed under *Pansy* in deciding whether a protective order is warranted."). And neither the second *Pansy* factor nor the third factor are relevant in deciding whether to enter a sealing order. *In re Avandia*, 924 F.3d at 676–77.

6

### III.    ANALYSIS

IntegriChain seeks to "(i) file a redacted version of a slide that was presented to its Board of Directors in the fourth quarter of 2022 (produced as INTC0003114, Bates-stamped page INTC0003138), (ii) file a redacted version of testimony from Mr. Burget, and (iii) file under seal email exchanges (produced as INTC0003198) between IntegriChain's Chief Financial Officer and other IntegriChain employees." (Doc. No. 21 at 3.)  As explained in note 2, supra, IntegriChain also seeks to redact pricing and salary data contained in two spreadsheets.

Regarding the slide, it urges that the information memorialized there include details "pertaining to IntegriChain's business performance and projections, including sales, margins, and explicit costs." (*Id.*)

Regarding Burget's testimony, IntegriChain contends that the redacted portions include "specific, future business plans." (*Id.*)  And while these plans are of "little public interest," they would be extremely valuable to "competitors [who] could . . . adopt such plans themselves or adjust their own to gain a competitive advantage." (*Id.* at 4.)  Burget's testimony also includes information regarding ongoing operating costs. (*Id.*)

Regarding the email exchanges, IntegriChain asserts that the information contained therein pertains to "financial and business information, . . . [including] savings targets, along with the manner in which IntegriChain would find those savings." (*Id.* at 3.)  This financial information includes "sensitive salary information." (*Id.* at 4.)

Regarding the spreadsheets, IntegriChain contends that the data it seeks to redact is collateral to the present case and contains sensitive pricing and salary information.

The Court's *in camera* review of these documents confirms that they contain "trade secrets and confidential information," which "if released, could put [IntegriChain] at a

competitive disadvantage." *Gerwitz v. Corizon Health, Inc.*, No. 19-6191 2020 WL 12688363, at *2 (E.D. Pa. Nov. 23, 2020).  Thus, the Court finds that IntegriChain has overcome the common law presumption of public access as to these documents.

The Court further finds that IntegriChain's relatively limited proposed redactions and sealing of the email exchanges meets the strict scrutiny standard under the First Amendment because the proposed redactions and sealing represent the least restrictive means available to protect the interests at stake.  The redactions and sealing are limited in scope to cover only information that is not only sensitive to IntegriChain's business but also largely irrelevant to this employment discrimination suit, such as future financial strategies, business plans, and financial projections.  The information at issue is collateral to this case and, therefore, the redactions and sealing only marginally affect the public's right to access materials filed in relation to the proceedings.  *See Trainer v. County of Delaware*, Civ. A. No. 23-1940-KSM, 2024 WL 1998088, at *3 (E.D. Pa. May 6, 2024) (citing *Mosaid Tech. Inc. v. LSI Corp.*, 878 F. Supp. 2d 503, 510 (D. Del. 2012)).

## IV.    CONCLUSION

For these reasons, the Motion is granted.  An appropriate Order follows.